## Hornsby, et al. v. Hellard, et al.

(Decided December 1, 1925.)

### Appeal from Jackson Circuit Court.

1. Deeds—Evidence of Fraud and Undue Influence Required to be Clearly Established.—In suit to cancel deeds based on charge of fraud and undue influence, claimed to have been perpetrated by two of the beneficiaries of any relief that might be granted, held that circumstances warranting cancellation must be clearly established, especially where those charged with fraud did not testify in case.

2. Deeds—Evidence Held Not Sufficiently Clear and Convincing to Authorize Cancellation of Deed.—In suit to cancel deeds on grounds of fraud and undue influence claimed to have been exercised by wife and one son, evidence relating to deed from aged man to wife held not sufficiently clear and convincing to authorize cancellation.

3. Deeds—Lack of Consideration in Conveyance from Aged Man to Wife Not Grounds for Cancellation.—Where aged man, wishing to provide for wife, conveyed land to her, clearly intending it as gift, although deed recited consideration of $300, failure to pay consideration held not grounds for cancellation.

J. R. LLEWELLYN and J. J. DAVIS for appellants.

A. W. BAKER and L. C. LITTLE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

William D. Hellard owned a small tract of land in Jackson county. On April 22, 1922, he conveyed the land to his wife, Martha Hellard, for the recited consideration of $300.00 cash in hand paid. On August 31, 1923, Martha Hellard and William D. Hellard conveyed the land to M. H. Hornsby for the recited consideration of $500.00 cash. On October 22, 1923, Hornsby conveyed the land to Albert Powell by deed duly recorded in the Jackson county clerk's office. In the month of November, 1923, William D. Hellard died intestate. He left surviving him his widow, Martha Hellard, two sons, Green Hellard and William Riley Hellard, and four grandchildren, the children of a deceased daughter, Minnie Begley.

This action was brought by William Riley Hellard and the Begley children to set aside the deeds from William D. Hellard to Martha Hellard, and from Martha Hellard and William D. Hellard to M. H. Hornsby, and from Hornsby to Albert Powell. The grounds of the cancellation as to the first deed were mental incapacity on the part of William D. Hellard, undue influence exercised by Green Hellard and Martha Hellard, and no consideration. Grounds of cancellation as to the second deed were mental incapacity on the part of William D. Hellard and undue influence exercised by Green Hellard over both William D. Hellard and Martha Hellard. It was further pleaded that though the consideration expressed in the last mentioned deed was $500.00 it was represented to the grantors that Hornsby was going to

pay $800.00, and that the deed was procured as a result of a conspiracy between Hornsby and Green Hellard. It was also charged in the petition that the defendants Albert Powell and M. H. Hornsby knew of W. D. Hellard's mental incapacity at the time they obtained their respective deeds. The court impaneled a jury and submitted the following questions:

"Was William D. Hellard in his right mind on August —, 1923?

"Was William D. Hellard and Martha Hellard, or either of them, unduly influenced to execute the deed to Hornsby on August —, 1923?"

After hearing the evidence the jury answered the first question in the negative and the second question in the affirmative. Thereupon, the court entered a decree adjudging that the deed from William D. Hellard to Martha Hellard was made without consideration, and that W. D. Hellard was mentally incapacitated and was the victim of undue influence exercised by Green Hellard. It was further adjudged that the deed from Martha Hellard and William D. Hellard to M. H. Hornsby was without consideration, that William D. Hellard was mentally incapacitated to make the conveyance, and that he was the victim of undue influence practiced by Green Hellard. It was further adjudged that the deed from Hornsby to Powell be set aside on the ground that the deed from Martha Hellard and William D. Hellard to Hornsby was cancelled and held for naught. M. H. Hornsby, Martha Hellard and Powell appeal.

A peculiar situation is presented. Though Martha Hellard and Green Hellard are made parties defendant and charged with perpetrating a fraud and exercising undue influence over William D. Hellard, they have not testified in the case, and as Martha Hellard is the widow of William D. Hellard, and Green Hellard is his son, they are necessarily the beneficiaries of any relief that may be granted. In view of these circumstances it is at once apparent that the deeds should not be set aside unless the grounds of cancellation are clearly established. As appellees' right to maintain the action is based on the fact that they are heirs of William D. Hellard, it is clear that they are not entitled to final relief unless they can show that the deed from William D. Hellard to Martha Hellard should be set aside. In other words,

if title passed from William D. Hellard to Martha Hellard, then the right to have the subsequent deeds cancelled is in her and not in the heirs of William D. Hellard. The greater portion of the evidence relates to William D. Hellard's mental condition and the conversation and conduct of the parties at the time the deed was made to Hornsby. William Riley Hellard testified that his father's mental condition was bad for two years before his death, but stated no facts upon which his opinion was based. On being asked how his father came to make the deed to his mother, he said, "He wanted the land divided and Green wouldn't agree to it and said make it to his mother." W. F. Tincher, the deputy clerk who took acknowledgement to the deed to Mrs. Hellard and also to the deed to Hornsby, stated that Green Hellard seemed to be most interested in the making of the deed to his mother. Though he stated that William D. Hellard's mind was not right when the second deed was made, he was unable to say that such was the case when the first deed was made. On being asked if anything was said of the first deed he said, "Me and Green was in the far room here writing the deed. Uncle Dave came in there and told me, said, 'Willie, I'm making Martha this deed to live on and make support, as I know I ain't going to live long.' He said he didn't want that deed put to record until after he was dead, then at Martha's death he wanted it equally divided between his two sons." Dr. D. S. Smith, who examined William D. Hellard about the middle of April, 1922, a few days before the deed to Mrs. Hellard was executed, stated that he was worrying over his physical condition, but that his mental condition was absolutely all right. As opposed to William Riley's statement that his father's mind was bad, and perhaps other vague statements to the same effect, we have not only the positive statements of the physician who treated him at the time the deed to Mrs. Hellard was made that his mind was all right, but the testimony of the deputy clerk as to the statement made by William D. Hellard when the deed was executed. This statement shows very clearly that the grantor knew exactly what he was doing, and that his purpose was to make provision for his wife, in view of the fact that he could not live very long. The only evidence of undue influence is that when William D. Hellard wanted to divide his property Green Hellard insisted that it be

given to his mother, and the fact that he appeared more interested than anybody when the deed was executed. If his father had divided the land, Green would have been one of the beneficiaries of the division, and it hardly can be said that he exercised undue influence merely because, contrary to his own interests, he insisted that the land be given to his mother. On the whole we conclude that the evidence of mental incapacity and undue influence is not of such a clear and convincing character as to authorize a cancellation of the deed on those grounds.

But the point is made that the deed recited a consideration of $300.00 and this consideration was not paid. In view of the relationship of the parties we do not regard the want of consideration as fatal to the validity of the deed. The case is one where an old man, believing that he was not to live very long, wanted to make provision for his wife. He had the right to give the land to his wife if he wished to do so. It is clear from the circumstances surrounding the transaction that the conveyance was intended as a gift and that no other consideration was to be paid. That being true, the contention that the deed was without consideration can not be sustained.

Having failed to establish the invalidity of the deed to Mrs. Hellard, it results that appellees were not entitled to have the subsequent deeds cancelled.

Judgment reversed and cause remanded with directions to dismiss the petition.